BRYAN SCHRODER
United States Attorney

JAMES KLUGMAN
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.klugman@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:20-cr-00073-JMK-MMS |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| FAUNUS MICHAEL DONEY, | |
| Defendant. | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Information in this case: Count: 1 - Wire Fraud, in violation of 18 U.S.C. § 1343. The United States will recommend a term of imprisonment of not more than 60 months. The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Information.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. The defendant agrees to plead guilty to the following count(s) of the Information:

Count 1: Wire Fraud, a violation of 18 U.S.C. § 1343.

**B.   Elements**

The elements of the charge in Count 1 to which the defendant is pleading guilty are as follows:

1. The defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2. The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3. The defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

4. The defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.
A wiring is **caused** when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

C.  **Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

FAUNUS DONEY was licensed as an insurance broker by the Alaska Department of Commerce, Community, and Economic Development in 2017. DONEY was the only insurance agent in Alaska for "Company A", a life insurance and annuity company based in Iowa. In this capacity, DONEY was responsible for marketing life insurance and annuity products to new clients in Alaska, and for dealing with Alaskans who already had insurance or annuities through Company A, many of whom were elderly and utilized these products for estate planning purposes. DONEY also hosted seminars in different parts of Alaska designed to encourage elderly Alaskans to invest in his products. In this work, DONEY came into contact with "Victim 1", "Victim 2", and "Victim 3". DONEY knew that all three were elderly and retired, and that they wanted to use their limited retirement savings to maximum effect. DONEY sought to convince the victims to invest in what he advertised as lucrative investment products. In fact, there were no investments: DONEY simply intended to keep the money that the victims provided to him.

**Victim 1**

Victim 1 and his wife both held annuities through Company A. After Victim 1's wife died in 2017, he attempted to submit a beneficiary claim form to Company A, but

did so improperly, and no funds were released. In 2018, Victim 1 contacted Company A for assistance, and was directed to DONEY as the company's agent in Alaska.

Victim 1 intended to have the annual disbursements from the annuity continue. However, DONEY filled out a form without Victim 1's knowledge requesting a lump sum payment of the remainder of the annuity. The form requested that a check be sent to Victim 1, but provided DONEY's office address. On August 21, 2018, DONEY caused a copy of this form to be sent by fax to Company A's headquarters. Company A responded by issuing a check for $31,563.58 and sending it to DONEY's address.

On September 12, 2018, DONEY contacted Victim 1 by telephone. DONEY did not inform Victim 1 that he had received a check from Company A: instead, DONEY encouraged him to invest the money from his wife's annuity in a product that was guaranteed to double in value by 2020. Victim 1 was convinced by DONEY's solicitation, and DONEY sent him a power of attorney form by email. Victim 1 intended for DONEY to use this power of attorney to transfer the funds from his wife's annuity to the new investment. However, DONEY instead used the power of attorney to deposit the check from Company A into the bank account for Affinity Insurance Group LLC, a company wholly owned by DONEY. DONEY spent the money for his own purposes.

### Victim 2

Victim 2 met DONEY at a seminar he offered in Anchorage in 2018. She then met with DONEY again at her home in Arizona on October 24 and 26, 2018, and agreed to purchase two annuities from Company A for a total of $200,000. She gave DONEY two personal checks totaling $200,000 following the October 26 meeting. DONEY told

U.S. v. Faunus Michael Doney

Victim 2 that Company A had refused to accept the personal checks, so she provided him with a cashier's check for $200,000. DONEY did not purchase annuities for Victim 2 with this money: he instead deposited into an account for Affinity and used the money for his own purposes.

In order to prevent Victim 2 from discovering his fraud, DONEY sent her statements purportedly showing the value of the account by mail. When confronted, DONEY also assured Victim 2 that he had invested the funds in an insurance company in Alaska that would generate 12% interest every year.

### Victim 3

Victim 3 met DONEY at a seminar in Wasilla. In January 2018, Victim 3 arranged to purchase two annuities from Company A through DONEY using the liquidated proceeds of his entire retirement savings. After these purchases were made, DONEY convinced Victim 3 to invest some of the money in a vehicle that he guaranteed would earn 7% interest. Victim 3 sent a fax to Company A asking to surrender on of the annuities on February 27, 2019. At the time, the annuities had a value of $105,780.81: after subtracting fees and penalties, Company A issued a check for $94,963.99. DONEY deposited this check into an Affinity bank account and spent it for his own purposes.

Victim 3 met with DONEY on June 4, 2019, to discuss the purported investment. In an effort to conceal the fraud from Victim 3, DONEY falsely claimed that he had tried to send Victim 3 account statements via courier, but that he had been unable to do so because Victim 3 was not home. The following day, DONEY sent a purported account statement to Victim 3 via email.

## Wire Communications

In furtherance of the fraudulent scheme, DONEY transmitted or caused to be transmitted the following wire communications in interstate or foreign commerce:

| Date | Method | Content |
| --- | --- | --- |
| August 21, 2018 | Fax | Lump sum payment request for Victim 1 |
| September 12, 2018 | Telephone | Phone call to Victim 1 |
| September 12, 2018 | Email | Power of attorney form for Victim 1 |
| February 27, 2019 | Fax | Surrender request for Victim 3 |
| June 5, 2019 | Email | Purported account statement for Victim 3 |

**D. Statutory Penalties and Other Matters Affecting Sentence**

**1. Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 1343 (Wire Fraud - Scheme to Defraud)

1) 20 years' imprisonment;

2) a $1 million fine;

3) a $100 special assessment; and

4) 3 years of supervised release.

**2. Other Matters Affecting Sentence**

**a. Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2)

pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a

criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The defendant expressly acknowledges that he is liable for restitution in the amount of $337,344.39, as follows:

| Victim | Amount |
| --- | --- |
| Victim 1 | $31,563.58 |
| Victim 2 | $200,000 |
| Victim 3 | $105,780.81 |

The Court will have sole discretion to determine if the defendant has liability for any further restitution.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines (U.S.S.G.) as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

1. **Acceptance of Responsibility**

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

C. **Sentencing Recommendations**

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The United States will recommend a term of imprisonment of no more than 60 months. The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of

sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- The right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against him, and the right to subpoena witnesses to appear in the his behalf;

- The right to remain silent at trial, with such silence not to be used against him, and the right to testify on his own behalf; and

- The right to contest the validity of any searches conducted of his property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction and guilty plea, including arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

## C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of

probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea. This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed.

R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Faunus Michael Doney, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my

attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

U.S. v. Faunus Michael Doney

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 - Wire Fraud, in violation of 18 U.S.C. § 1343 of the Information.

DATED: 07.09.20

FAUNUS MICHAEL DONEY
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to

enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 07.14.20

*N. Oberheiden*

NICK OBERHEIDEN
Attorney for Faunus Michael Doney

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 7/23/20

*Bryan Schroder*

BRYAN SCHRODER
United States of America
United States Attorney