BRYAN SCHRODER
United States Attorney

JAMES KLUGMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>FAUNUS MICHAEL DONEY,<br><br>        Defendant. | No. 3:20-cr-00073-JMK-MMS |

**SENTENCING MEMORANDUM**

The United States recommends imposition of the following sentence:

**INCARCERATION..................................................................................33 MONTHS**
**SUPERVISED RELEASE ..........................................................................3 YEARS**
**SPECIAL ASSESSMENT....................................................................................$100**
**RESTITUTION .................................................................................. $377,946.14**
**FINE.................................................................................................................NONE**

Faunus Doney engaged in a deliberate, calculated, and extensive scheme to gain the trust of vulnerable victims, then abuse it to enrich himself while leaving them destitute. The interests of justice demand a substantial sentence for this serious offense.

## FACTS

Faunus Doney held himself out as an investment manager. He held seminars across Southcentral Alaska, wooing potential investors with promises of guaranteed returns. His pitch was especially appealing to elderly retirees, who saw an opportunity to secure the savings they needed to support themselves and their families.

Unfortunately, Doney was lying. He had no investments to offer: his only purpose was to gain access to his victims' assets so that he could expropriate them for his own use. And Doney did just that: over the course of his fraud, he stole hundreds of thousands of dollars from the three identified victims. When they confronted him, he used further deception to try to allay their suspicions, creating fictitious balance statements and other doctored evidence to obscure his crimes and allow him to continue perpetrating them.

As Doney assuredly understood, his victims were entrusting him with the funds they expected to rely on to support themselves in retirement and to pass on to their families with their estates. By taking that money away from them, Doney's greed will likely affect them for literally the rest of their lives.

## GUIDELINES CALCULATION

The government agrees with the Guidelines calculation in the presentence report, including the three-level reduction for acceptance of responsibility. Accordingly, the Guidelines range is **33-41 months**.

## STATUTORY CRITERIA AND RECOMMENDED SENTENCE

The court is required to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory sentencing criteria. 18 U.S.C. § 3553(a). A review

of those criteria demonstrates that the noncustodial sentence recommended in the presence report is woefully insufficient to satisfy them. Instead, the court should impose a sentence of imprisonment at the low end of the Guidelines, followed by three years of supervised release.

**1. Nature and circumstances of the offense**

Doney willfully engaged in a long-running scheme to defraud targeting multiple vulnerable victims. He did so deliberately and repeatedly, under no apparent exigency or duress, for no reason beyond his own greed. When confronted, Doney did not show remorse or attempt to make amends: rather, he engaged in further acts of concerted deception to try to conceal his misconduct. The harm he did will likely take years to be ameliorated, and it may never be repaired at all.

This was a serious and inexcusable crime, and the consequences should be in line with its severity.

**2. History and characteristics of the defendant**

Doney's lack of criminal history is a favorable point, and helps counsel for a sentence towards the lower end of the Guidelines. But it does not warrant the downward variance suggested in the presentence report.

Moreover, some of Doney's other characteristics warrant caution about his prospects for rehabilitation. First, the sheer scale and scope of this offense, combined with Doney's relatively advanced age, strongly weighs against any suggestion that it represented isolated, impulsive, or uncharacteristic behavior. Rather, Doney appears to be a manipulative, selfish, and venal man who is willing to use deception and personal charisma

to get his way, regardless of the requirements of the law or the harm that will be inflicted on innocents. In other words, the fact that Doney decided to engage in this brazenly egregious fraud should give the court pause before concluding that he will simply decide to stop or that he has learned his lesson, simply because he says so.

Moreover, the offense conduct is consistent with Doney's financial exploitation of his own parents, described in paragraph 32 of the presentence report. While those actions likely do not cross the line into criminality—at least, not provably so—they are of a character with the kind of selfish and manipulatve behavior that forms the basis of the crime of conviction.

### 3. The seriousness of the offense and just punishment

This is a serious offense, and justice requires a significant punishment. A noncustodial sentence, on the other hand, would trivialize the crime and utterly fail to promote appropriate respect for the law.

Had Doney stolen a $1,000 television from Walmart, he would have had little hope of avoiding the penitentiary. Had his scheme to defraud been prosecuted in state court, he would have faced a presumptive sentence of at least 12 months. Alaska Stat. §§ 11.46.600 and 12.55.125(d)(1). The fact that his crime was orders of magnitude more severe, and that it inflicted orders of magnitude more harm on vulnerable victims, should not moderate the attendant consequences.

### 4. Adequate deterrence

It is extremely likely that regardless of what sentence the court imposes, Doney will be unconditionally discharged from its terms. Once that happens, he will have the

U.S. v. Doney
3:20-cr-00073-JMK-MMS

Page 4 of 8
Case 3:20-cr-00073-JMK-MMS   Document 22   Filed 01/21/21   Page 4 of 8

opportunity to commit similar crimes again: that is, he will be able to find vulnerable victims and try to deceive them into believing that it is in their interest to give him what he wants. The court cannot prevent him from having that opportunity.

For that reason, the court should do everything in its power to ensure that when the opportunity presents itself, Doney makes the choice not avail himself of it. Imposing the noncustodial sentence recommended in the presentence report offers little assurance of that: instead it would tend to suggest to Doney that he can freely perpetuate a massive fraud with minimal consequences to follow. It is essential that he receive an actual punishment, so that he understands that similar punishment will follow is he continues to victimize the innocent citizens.

Moreover, the presentence report completely ignores the need to deter other potential offenders, even though the Ninth Circuit has noted that "paramount among the purposes of punishment is the desire to deter similar misconduct by others." *United States v. Barker*, 771 F.2d 1362, 1368 (9th Cir. 1985)

A noncustodial sentence would send the message that schemes like Doney's are a winning proposition: criminals can enjoy the proceeds of their frauds for as long as they can evade detection, and upon conviction can expect to suffer little consequence beyond an order to pay back their ill-gotten gains in the future. The court should send the opposite message, and make sure that Doney serves as an example that in the courts of the United States, crime does not pay.

## 5. Protection of the public from further crimes

As noted in the presentence report, this crime does not appear to have been motivated by substance abuse, mental health issues, or anything beyond the Doney's desire to obtain the victims' money. Obviously, the desire for more money is elemental and unlikely to disappear or dissipate: there is little basis to conclude that "financial counseling" will remove the motivation to commit similar crimes in the future.

While an extended period of supervised release is appropriate, along with extensive monitoring of the defendant's financial activity by U.S. Probation, the fact remains that in the modern age, crimes like Doney's can be committed from almost anywhere in the world via smartphones and computers. The public is entitled to meaningful respite, which can only come through Doney's placement in a secure correctional facility.

## 6. Avoidance of unwarranted disparities

In Fiscal Year 2017, the average fraud sentence in the District of Alaska was 39 months, and the mean sentence was 42 months.* U.S. Sentencing Comm'n, *Statistical Information Packet Fiscal Year 2017: District of Alaska* at 10, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2017/ak17.pdf. This tends to suggest that a low-Guidelines sentence here would be well within the bounds of normal practice.

On the other hand, a noncustodial sentence in this context would be abberational.

---

* Beginning with Fiscal Year 2018, the Sentencing Commission stopped reporting data on fraud cases separately, aggregating them into a new "Fraud/Theft/Embezzlement" category. In Fiscal Year 2019, the mean and median sentences in those cases were both 30 months. See U.S. Sentencing Comm'n, *Statistical Information Packet Fiscal Year 2019: District of Alaska* at 9, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2019/ak19.pdf.

According to data from the Sentencing Commission, between 2010 and 2017, 94 of the 122 defendants convicted of fraud offenses in Alaska received prison time: in other words, less than 22% of the offenders received noncustodial sentences. U.S. Sentencing Comm'n, *Data Reports by Geography*, available at https://www.ussc.gov/research/data-reports/geography. The evidence suggests that the sort of leniency requested in the presentence report is rarely given, and there is nothing about this case or this defendant that warrants it here.

### 7. The need to provide restitution

The government agrees that restitution is essential to a just outcome, to the extent it can obtained. For that reason, it is appropriate to place Doney on supervised release for the maximum permissible period, so that his probation officer can ensure that he is making good faith efforts to honestly earn as much money as he can realistically, and to guarantee that he is not able to conceal any assets and place them beyond the reach of the victims' ability to collect. Likewise, the government agrees that imposition of a fine is inappropriate, in order to ensure that Doney's financial resources are focused on making the victims whole.

On the other hand, the government strongly disagrees with the presentence report's apparent conclusion that Doney is entitled to leniency because of the sheer scale of his restitution commitment. If taken seriously, this position would encourage criminals to both do as much financial damage to their victims as possible, and then to dissipate those assets as quickly as they could, in order to empower them to ask for a reduction in prison time

following conviction. The court should reject the invitation to let its judgment perpetuate these perverse incentives.

**CONCLUSION**

The court should impose a sentence of 33 months imprisonment, to be followed by 3 years of supervised release. This sentence is sufficient, but not greater than necessary, to satisfy the statutory criteria. A more lenient sentence would not be.

RESPECTFULLY SUBMITTED January 21, 2021 at Anchorage, Alaska.

                                            BRYAN SCHRODER
                                            United States Attorney

                                            /s James Klugman
                                            JAMES KLUGMAN
                                            Assistant United States Attorney
                                            United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2021
a true and correct copy of the foregoing
was served electronically on:

Nick Oberheiden

/s James Klugman
Office of the U.S. Attorney

U.S. v. Doney
3:20-cr-00073-JMK-MMS